LAW OFFICES OF THOMAS MORE HOLLAND    ATTORNEYS FOR PLAINTIFF
By: THOMAS MORE HOLLAND
IDENTIFICATION NOS. 43517
GRACE HALL
1522 LOCUST STREET
PHILADELPHIA, PA 19102
(215) 592-8080

UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anna Santaella<br>13661 Philmont Ave, Apt 17<br>Philadelphia, PA 19116<br>    Plaintiff, | § § § § § § | |
| v.<br>A-1 Family Dental Care P.C.<br>8539 Bustleton Ave<br>Philadelphia, PA 19152, | § § § § § | No. |
| Bosha Sevani<br>c/o A-1 Family Dental<br>8539 Bustleton Ave.<br>Philadelphia, PA 19152, | § § § § § | |
| and | § § | |
| Ramesh Boghara<br>c/o A-1 Family Dental<br>1950 Street Road, Suite 200<br>Bensalem, PA 19020<br>    Defendant. | § § § § § § | |

### NOTICE TO PLEAD

    You have been sued in court.  If you wish to defend against the claims set forth in the following pages, **you must take action within twenty (20) days** after this complaint and notice are served, by entering a written appearance, **personally or by an attorney**, and filing in writing with the court your defenses or objections to the claims set forth against you.  **You are warned** that if you fail to do so the case may proceed without you and a **judgment may be entered against you** by the court **without further notice** for any money claimed in the complaint or any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
**TELEPHONE: (215) 238-1701**

| LAW OFFICES OF THOMAS MORE HOLLAND | ATTORNEYS FOR PLAINTIFF |
|---|---|

By: THOMAS MORE HOLLAND
IDENTIFICATION NOS. 43517,
GRACE HALL
1522 LOCUST STREET
PHILADELPHIA, PA 19102
(215) 592-8080

## UNITED STATES DISTRICT COURT,
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anna Santaella<br>13661 Philmont Ave, Apt 17<br>Philadelphia, PA  19116<br>     Plaintiff, | § § § § § § § | |
| v.<br>A-1 Family Dental Care P.C.<br>8539 Bustleton Ave<br>Philadelphia, PA 19152, | § § § § § | No. |
| Bosha Sevani<br>c/o A-1 Family Dental<br>8539 Bustleton Ave.<br>Philadelphia, PA 19152, | § § § § § | |
| and | § § | |
| Ramesh Boghara<br>c/o A-1 Family Dental<br>1950 Street Road, Suite 200<br>Bensalem, PA 19102<br>     Defendant. | § § § § § § | |

## COMPLAINT
## INTRODUCTION

Plaintiff, AnnaSantaella , is an adult individual and alleges through her attorneys, the Law Offices of Thomas More Holland, *inter alia,* that her rights to equal opportunity in employment pursuant to The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and The Minimum Wage Act of 1968 *43 P.S. 333.101 et seq*, have been violated and avers as follows:

## PARTIES

1. Plaintiff, Anna Santaella, is an adult individual who resides at the above-captioned address in the County of Philadelphia and Commonwealth of Pennsylvania.  Plaintiff  was an employee of Defendants in the

       capacity of a Dental Assistant and brings this action to recover damages and equitable relief under The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and The Minimum Wage Act of 1968 *43 P.S. 333.101 et seq.*

2. Defendant, A-1 Family Dental, (hereinafter "Defendant A-1"), employed more than 15 people, and at all times material hereto, was an "employer" within the meaning of 29 U.S.C. § 201, et. seq, and the Minimum Wage Act of 1968, 43 P.S. 333.101 *et seq.*

3. At all times material hereto, Defendant A-1 was Plaintiff Anna Santaella's employer.

4. Defendant Bosha Sevani is an adult individual who was at all times material hereto a corporate agent servant or employee of Defendant A-1 and was involved in the decision-making process.

5. Defendant Ramesh Boghara is an adult individual who was at all times material hereto a corporate agent, servant, or employee of Defendant A-1 and was involved in the decision-making process.

## JURISDICTION

6. Jurisdiction arises under 29 U.S.C. § 201, et. seq,, the Minimum Wage Act of 1968 and 29 U.S.C. § 2601 et seq .

7. Venue is appropriately laid in the Court of Common Pleas of Philadelphia County, as all parties reside in or do business in Philadelphia County.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

8. Plaintiff incorporates by reference each allegation contained in Paragraphs one (1) through eight (8) as if the same were set forth more fully at length herein.

9. Plaintiff, Anna Santaella, commenced employment with Defendant A-1 in or about March 2000.

10. On or about April 22, 2003, Plaintiff received a check for the pay period of April 6, 2003, to April 19, 2003, in which she was paid for exactly 80 hours.

11. Plaintiff did not receive compensation for the overtime she worked during that period. Instead Defendant A-1 carried over the hours worked over 80 to the subsequent check at Plaintiff's regular rate of pay to avoid the increased payroll obligation to Plaintiff and the corresponding increase in payroll

taxes.

12. On or about November 18, 2003, Plaintiff received a paycheck for the pay period of November 1, 2003 through November 14, 2003.

13. The check listed Plaintiff as having worked 80 hours, and Plaintiff was compensated for 80 hours at her regular rate of pay.

14. Defendant A-1 again carried over Plaintiff's overtime hours to the subsequent check and paid her for those hours at her regular pay rate, rather than at 1 and 1/2 times her regular pay rate.

15. Defendant A-1 has unlawfully violated the Fair Labor Standards Act.

16. Under the FLSA, Plaintiff is entitled to time and a half for each hour she works over 40 in a given week.

17. Defendants violated the FLSA by compensating Plaintiff for her overtime hours at the regular rate.

18. Defendant A-1 additionally violated the Act by moving Plaintiff's overtime hours into the subsequent pay period.

19. As a direct and proximate result of Defendants' unlawful employment practices and disregard for Plaintiff's rights, Plaintiff, has suffered financial losses.

20. At all times material hereto, Defendants knowingly violated the applicable law and Plaintiff's rights.

21. At all times material hereto, Defendant knowingly violated the applicable law and Plaintiff's rights.

**WHEREFORE**, Plaintiff, Anna Santaella, respectfully requests that this Court:

   a. Award Plaintiff costs of litigation, including reasonable attorney fees and expert witness fees;

   b. Grant judgment against Defendants, in compensatory damages to which Plaintiff is found to be entitled, plus interest;

   c. Grant judgment against Defendant, in whatever amount above together with punitive damages to which Plaintiff is found to be entitled; and

   d. Grant any other additional relief that is appropriate and just.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE ACT OF 1968

22. Plaintiff incorporates the previous paragraphs as if the same were set forth more fully at length herein.

23. Plaintiff was entitled to overtime pay for any hours worked in excess of 40 hours in a workweek.

24. When Plaintiff worked over forty hours in a work week, her check reflected that she worked 80 hours for the pay period, and the overtime hours were compensated at her regular rate in the subsequent paycheck.

25. As a dental assistant, Plaintiff does not fall into one of the exemptions under this act.

26. Plaintiff is entitled to overtime pay for various pay periods from April 6, 2003, to the present.

   **WHEREFORE**, Plaintiff, Anna Santaella, respectfully requests that this Court:

   a. Award Plaintiff costs of litigation, including reasonable attorney fees and expert witness fees;

   b. Grant judgment against Defendants, in compensatory damages to which Plaintiff is found to be entitled, plus interest;

   c. Grant judgment against Defendant, in whatever amount above together with punitive damages to which Plaintiff is found to be entitled; and

   d. Grant any other additional relief that is appropriate and just.

## COUNT III
## DETRIMENTAL RELIANCE AND EQUITABLE ESTOPPEL

27. Plaintiff incorporates the previous paragraphs as if the same were set forth more fully at length herein.

28. Plaintiff injured her back at the beginning of February 2004.

29. Defendant by and through its agents, employees, workmen or servants, informed Plaintiff that she would be eligible for short-term disability.

30. At all times material, Defendants knew or should have known that Plaintiff was unable to work as a

## COUNT II
## VIOLATION OF THE MINIMUM WAGE ACT OF 1968

22. Plaintiff incorporates the previous paragraphs as if the same were set forth more fully at length herein.

23. Plaintiff was entitled to overtime pay for any hours worked in excess of 40 hours in a workweek.

24. When Plaintiff worked over forty hours in a work week, her check reflected that she worked 80 hours for the pay period, and the overtime hours were compensated at her regular rate in the subsequent paycheck.

25. As a dental assistant, Plaintiff does not fall into one of the exemptions under this act.

26. Plaintiff is entitled to overtime pay for various pay periods from April 6, 2003, to the present.

   **WHEREFORE**, Plaintiff, Anna Santaella, respectfully requests that this Court:

   a. Award Plaintiff costs of litigation, including reasonable attorney fees and expert witness fees;

   b. Grant judgment against Defendants, in compensatory damages to which Plaintiff is found to be entitled, plus interest;

   c. Grant judgment against Defendant, in whatever amount above together with punitive damages to which Plaintiff is found to be entitled; and

   d. Grant any other additional relief that is appropriate and just.

## COUNT III
## DETRIMENTAL RELIANCE AND EQUITABLE ESTOPPEL

27. Plaintiff incorporates the previous paragraphs as if the same were set forth more fully at length herein.

28. Plaintiff injured her back at the beginning of February 2004.

29. Defendant by and through its agents, employees, workmen or servants, informed Plaintiff that she would be eligible for short-term disability.

30. At all times material, Defendants knew or should have known that Plaintiff was unable to work as a

dental assistant as a result of her serious health condition.

31. Defendant A-1 Dental has refused on numerous occasions to provide Plaintiff with the forms needed for short-term disability.

32. Plaintiff is unsure of her employment status currently. Defendant has not provided Plaintiff with forms regarding leave, despite Plaintiff having given Defendant a doctor's note indicating that she is unable to work.

33. When Plaintiff requested forms, she was told by Defendant to go on welfare because she would get more money than through short-term disability.

34. Plaintiff reasonably relied on Defendant's statement that she would be paid short-term disability while she was unable to work due to her back injury.

35. Plaintiff has not received any payment under short term disability and has not even been provided with the forms necessary to receive short-term disability.

36. Defendants deliberate misrepresentations to Plaintiff regarding the availability of short-term disability is an extraordinary circumstances which justifies recovery under the doctrine of equitable estoppel.

37. As a direct and proximate result of Defendants' deliberate misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff has been deprived of economic and non-economic benefits, including but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment amongst her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs.

## COUNT IV
## DETRIMENTAL RELIANCE AND EQUITABLE ESTOPPEL

38. Plaintiff incorporates the previous paragraphs as if the same were set forth more fully at length

herein.

39. Plaintiff was further told that Defendant A-1 Dental did not provide health insurance for its employees and that she should apply for medical benefits with the state, which she did.

40. Subsequently, Plaintiff discovered that according to the handbook Defendant does provide medical benefits to its employees.

41. Defendants' deliberate misrepresentations to Plaintiff regarding the lack of medical benefits is an extraordinary circumstances which justifies recovery under the doctrine of equitable estoppel.

42. As a direct and proximate result of Defendants' deliberate misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff has been deprived of economic and non-economic benefits, including but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment amongst her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs.

Respectfully Submitted,

_____          By: _____
DATE                                 TMH1679